***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted October 6, 2022, affirmed July 26, 2023

Regina M. HIGGINS,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Lawrence Company,
*Respondents.*

Employment Appeals Board
2021EAB0753; A177457

Regina M. Higgins filed the brief *pro se*.

Denise G. Fjordbeck waived appearance for respondent Employment Department.

No appearance for respondent Lawrence Company.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Claimant seeks judicial review of a final order by the Employment Appeals Board (board) affirming her disqualification from unemployment benefits on the ground that she voluntarily quit work without good cause. Because we conclude that the board's decision is supported by substantial evidence and substantial reason, we affirm.

We review the board's order for substantial evidence, which exists when "the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). The board's conclusions must be supported by substantial reason; that is, its conclusions must reasonably follow from the facts found. *Kay v. Employment Dept.*, 284 Or App 167, 172, 391 P3d 969 (2017). Because the parties are familiar with the underlying facts, we do not provide a recitation of the factual and procedural background for this nonprecedential memorandum decision.[1]

As we understand her argument on review, claimant challenges the board's order by asserting that her due process rights were violated because, in her view, she did not receive adequate notice of the continued hearing date and time as required by ORS 183.413(2)(a). ORS 183.413(2)(a) provides, in part: "Prior to the commencement of a contested case hearing before any agency * * *, the agency shall serve personally or by mail a written notice to each party to the hearing that includes * * * [t]he time and place of the hearing." Claimant contends that she did not receive the notice until two days after the continued hearing, that she attempted to attend the hearing at the time that she believed it to be, and that she promptly requested that the hearing be reopened.

The board found that on August 6, 2021, an administrative law judge (ALJ) conducted a hearing at which both claimant and employer appeared. Claimant testified, but employer's three witnesses did not, and the hearing was continued until August 20, 2021, at 9:30 a.m. Evidence in the record showed that the Office of Administrative

---

[1] Respondent Lawrence Company did not file an answering brief and thereby waived appearance on appeal. *See* ORAP 5.60 (providing that, "[i]f the respondent files no brief, the cause will be submitted on the appellant's opening brief").

Hearings mailed claimant notice of the continued hearing on August 9, 2021, which was well within the required timeframe. *See* OAR 471-040-0015(1) (requiring that notice be personally delivered or mailed "at least five days in advance of the hearing"). Additionally, claimant was at the August 6 hearing where the ALJ asked claimant if August 20 at 9:30 a.m. would work for her, repeatedly stated that the time of the hearing would be 9:30 a.m., and concluded the hearing by saying, "I'll look forward to speaking with everybody at 9:30 on Friday, August 20th."

At the continued hearing on August 20, employer appeared but did not bring witnesses, choosing instead to rely on claimant's testimony from the August 6 hearing. Thus, no new evidence was presented at the continued hearing, and the ALJ's order concluding that claimant voluntarily quit work without good cause was based on the evidence presented by claimant at the August 6 hearing. Claimant requested that the board reopen the hearing, but the board declined to do so because it concluded that claimant had not "failed to appear" at the first hearing on August 6. *See* OAR 471-040-0040(1) (providing that an ALJ may reopen a hearing if, among other requirements, the party requesting the reopening failed to appear at the hearing).

Thus, rather than a request to reopen, the board construed claimant's request as a request for the consideration of additional evidence under OAR 471-041-0090(1)(b), which allows for the consideration of additional evidence provided that claimant makes a showing that the evidence is relevant and material and that factors and circumstances beyond the party's reasonable control prevented the party from offering the evidence into the hearing record. The board concluded that claimant failed to meet the standard in OAR 471-041-0090(1)(b) because: first, she did not articulate what additional evidence, if any, she would have offered at the continued hearing; and second, she failed to show that it was beyond her reasonable control to participate in the continued hearing.

Based on evidence in the record from the August 6 hearing, the board concluded that "claimant failed to establish that the reason she quit work was such that a

reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would have quit, especially since claimant continued working for the employer for over a year after break-ins and IP theft occurred." *See* OAR 471-030-0038(4) ("Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work."). Accordingly, the board affirmed the ALJ's decision that claimant quit work without good cause and was disqualified from receiving benefits.

Having reviewed the record, we conclude that the evidence in the record, viewed as a whole, would allow a reasonable person to conclude that claimant was provided with adequate notice of the continued hearing. That is, there is substantial evidence in the record to support the board's findings. Further, we conclude that the board's findings of fact are rationally related to its conclusion that claimant quit work without good cause.

Affirmed.